UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNE STRUNK,<br><br>                              Plaintiff,<br><br>            -against-<br><br>MORGAN STANLEY, MORGAN STANLEY<br>SMITH BARNEY, LLC, DAVID SWARTZ,<br><br>                              Defendants. | Civil Action No.:  18-00658 (SRU)<br><br><br><br>June 15, 2018 |

## <u>ANSWER TO FIRST AMENDED COMPLAINT</u>

Defendants Morgan Stanley, Morgan Stanley Smith Barney LLC, and David Swartz ("Mr. Swartz") (collectively, "Defendants" or "Morgan Stanley"), by and through their undersigned counsel, hereby answer the First Amended Complaint (the "Complaint") filed by Plaintiff June Strunk ("Plaintiff") and state as follows:

1.      The allegations contained in Paragraph 1 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required.  To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it presents a federal question under 18 U. S. C. § 1514A. Defendants admit that this Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      The allegations contained in Paragraph 3 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required.  To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore leave Plaintiff to prove such allegations.

5.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore leave Plaintiff to prove such allegations.

6.     Defendants admit that Morgan Stanley is a leading global financial services firm providing investment banking, securities, wealth management and investment management services, and that the firm's employees serve clients worldwide including corporations, governments, institutions and individuals.

7.     Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in Paragraph12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required.  To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required.  To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in Paragraph16 of the Complaint.

17.     Defendants admit the allegations contained in Paragraph17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph18 of the Complaint.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     The allegations contained in Paragraph 24 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required. To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     The allegations contained in Paragraph 25 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required. To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required.  To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint and all of its subparts consist of legal conclusions regarding Plaintiff's claims to which no response is required.  To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint consist of legal conclusions regarding Plaintiff's claims to which no response is required.  To the extent it is not a legal conclusion, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit that Plaintiff assumed the role of Resident Manager in 2009.

43.     Defendants admit the allegations contained in Paragraph 43 of the Complaint, except that Plaintiff's title was Resident Manager.

44.     Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore leave Plaintiff to prove such allegations.

46.     Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore leave Plaintiff to prove such allegations.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore leave Plaintiff to prove such allegations.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore leave Plaintiff to prove such allegations.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore leave Plaintiff to prove such allegations.

52.     Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore leave Plaintiff to prove such allegations.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 56 of the Complaint, and therefore leave Plaintiff to prove such allegations.  Defendants admit that when Mrs. Strunk brought this to Ms. Galgano's attention, the matter was addressed.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in the first sentence of Paragraph 58. Defendants deny knowledge or information as to the allegations contained in the second sentence of Paragraph 58, and therefore leave Plaintiff to prove such allegations. Defendants deny the allegations contained in the third sentence of Paragraph 58.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants admit the allegations contained in the first sentence in Paragraph 60 of the Complaint.  Defendants deny knowledge and information as to the remaining allegations in Paragraph 60 of the Complaint, and therefore leave Plaintiff to prove such allegations.

61.     Defendant admit the allegations contained in the first sentence in Paragraph 61 of the Complaint.  Defendants deny knowledge and information as to the remaining allegations in Paragraph 61 of the Complaint, and therefore leave Plaintiff to prove such allegations.

62.     Defendants deny knowledge and information as to the allegations in paragraph 62 of the Complaint, and therefore leave Plaintiff to prove such allegations.

63.     Defendants admit the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants admit that in July 2016, Mrs. Strunk met with Mr. Swartz. Defendants also admit that he [Mr. Swartz] informed her that financial advisors in the Mystic Branch were complaining about her.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations Paragraph 65 of the Complaint, and therefore leave Plaintiff to prove such allegations.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 69 of the Complaint, and therefore leave Plaintiff to prove such allegations. Defendants deny all remaining allegations contained in paragraph 69 of the Complaint.

70.     Defendants admit that the administrative assistant was witnessed taking a picture of a client's investment holdings on her personal cell phone.  Defendants deny the remaining allegations contained in Paragraph 70 of the Complaint.

71.     Defendants admit that the administrative assistant was also witnessed logging onto David Volpe's work station using David Volpe's login ID and password.  Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants admit that Mrs. Strunk complained about the "hostile work environment" to Morgan Stanley/MSSB Human Resources Department.  Defendants deny all remaining allegations contained in Paragraph 74 of the Complaint.

75.     Defendants admit the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants admit that during their visit, as alleged in Paragraph 76, David Swartz and Bernie Duque met with Mrs. Strunk.  Defendants deny all remaining allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants admit that Mrs. Strunk joined Janney Montgomery Scott LLC. Defendants deny knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in Paragraph 80 of the Complaint, and therefore leave Plaintiff to prove such allegations.

81.     Defendants admit the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants neither admit nor deny the allegations contained in Paragraph 82 of the Complaint and refer the Court to the alleged documents for their precise terms.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants admit that Morgan Stanley/MSSB sought a Temporary Restraining Order in federal court. Defendants deny all remaining allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

**COUNT ONE**

1-87.   Defendants incorporate by reference their responses to Paragraphs 5 - 87 as if fully set forth at length herein.

84. [sic.] 88.   Defendants deny the allegations contained in Paragraph 88 of the Complaint.

85. [sic.] 89.   Defendants admit the allegations contained in Paragraph 89 of the Complaint.

86. [sic.] 90.   Defendants deny the allegations contained in Paragraph 90 of the Complaint.

87. [sic.] 91.   Defendants deny the allegations contained in Paragraph 91 of the Complaint.

88. [sic.] 92.   Defendants deny the allegations contained in Paragraph 92 of the Complaint.

89. [sic.] 93.   Defendants deny the allegations contained in Paragraph 93 of the Complaint.

90. [sic.] 94.   Defendants deny the allegations contained in Paragraph 94 of the Complaint.

91. [sic.] 95.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and therefore leave Plaintiff to prove such allegations.

**COUNT II:**

1-95.   Defendants incorporate by reference their responses to Paragraphs 5 - 87 as if fully set forth at length herein.

84. [sic.] 96.   Defendants deny the allegations contained in Paragraph 96 of the Complaint.

85. [sic.] 97.   Defendants deny the allegations contained in Paragraph 97 of the Complaint.

86. [sic.] 98.   Defendants deny the allegations contained in Paragraph 98 of the Complaint.

87. [sic.] 99.   Defendants deny the allegations contained in Paragraph 99 of the Complaint.

88. [sic.] 100.  Defendants deny the allegations contained in Paragraph 100 of the Complaint.

89. [sic.]  101.  Defendants deny the allegations contained in Paragraph 101 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's state claim is preempted by federal law.

**Third Affirmative Defense**

Upon information and belief, Plaintiff failed to exhaust her administrative remedies.

**Fourth Affirmative Defense**

Any alleged adverse employment action taken with respect to Plaintiff was taken for legitimate, non-discriminatory and non-retaliatory reasons and was predicated upon a ground other than Plaintiff's purported exercise of a statutorily protected right, and would have been taken absent Plaintiff's exercise of a statutorily protected right.

**Fifth Affirmative Defense**

Even assuming arguendo that Plaintiff was able to establish a claim, to the extent that any of Defendants' current or former employees or agents engaged in any unlawful or wrongful acts, Defendants did not have knowledge of it, participate in, authorize, condone, or ratify such acts, and therefore, Defendants are not liable for such acts.

**Sixth Affirmative Defense**

Even assuming arguendo that Plaintiff was able to establish a claim, Defendants are not subject to liability for the alleged discriminatory or retaliatory acts because they exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or to avoid harm otherwise.

**Seventh Affirmative Defense**

Defendants at all times acted in compliance with the law.

**Eighth Affirmative Defense**

Plaintiff has waived her right to some or all of the relief requested in her Complaint.

**Ninth Affirmative Defense**

Defendants maintained a policy prohibiting discrimination and retaliation in any form, and exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior.

**Tenth Affirmative Defense**

Plaintiff's injuries or damages, if any, were incurred or exacerbated by Plaintiff's act(s) or failure(s) to act, Plaintiff's damages are barred or must be reduced pursuant to the doctrine of avoidable consequences.

**Eleventh Affirmative Defense**

To the extent that Plaintiff did suffer any of the damages, Plaintiff failed to take reasonable steps to mitigate or avoid those damages.

**Twelfth Affirmative Defense**

Plaintiff cannot recover attorneys' fees and/or punitive damages under applicable law.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint in its entirety, enter judgment in their favor and against Plaintiff, and award them their attorneys' fees and costs and other relief that this Court deems just and necessary.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  /s/ Toby S. Soli
      Toby S. Soli (ct-18697)
      200 Park Avenue
      New York, New York 10166
      Telephone:  (212) 801-9200
      Facsimile:  (212) 801-6400
      Email:  solit@gtlaw.com

*Attorneys for Defendants*
*MORGAN STANLEY*
*MORGAN STANLEY SMITH BARNEY LLC*
*AND DAVID SWARTZ*

## <u>CERTIFICATION</u>

I hereby certify that on June 15, 2018, I electronically filed the foregoing Answer to First Amended Complaint by using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert B. Mitchell, rbmitchell@mitchellandsheahan.com
Maria Garcia-Quintner, mgarcia@mitchellandsheahan.com


*/s/ Toby S. Soli*
Toby S. Soli